# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:19-cv-140-FDW

| | |
|---|---|
| JOHN JOSEPH MORRISON, et al., | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | )  **ORDER**<br>) |
| MICHAEL W. MILLER, et al., | )<br>)<br>) |
| Defendants. | )<br>) |

**THIS MATTER** is before the Court on initial review of Plaintiffs' Amended Complaints, (Doc. Nos. 7, 9, 11, 13, 15, 17), on Plaintiffs' Motions to proceed *in forma pauperis*, (Doc. Nos. 2, 8, 10, 12, 14, 16, 18, 19), and on the Court's May 5, and October 31, 2019 Orders, (Doc. Nos. 3, 23). Also pending are two Letters by Plaintiff Wilson that were docketed as Motions, (Doc. Nos. 4, 21).

## I. BACKGROUND

*Pro se* Plaintiffs filed a Complaint pursuant to 42 U.S.C. § 1983 while they were pretrial detainees at the Cleveland County Detention Center. On May 3, 2019, the Court issued an Order explaining that the Complaint was too deficient to be screened on initial review and that each Plaintiff was required to pay the filing fee or move to proceed *in forma pauperis* and file a signed Amended Complaint within 21 days. (Doc. No. 3). Plaintiffs were cautioned that failure to comply would probably result in the case's dismissal and closure without further notice. (Doc. No. 3 at 2). On October 31, 2019, the Court issued an Order requiring Plaintiffs Morrison, Wilson, Soria Garcia, Banks, Curry, Sarvis, and Sanford to file Notices informing the Court of their current addresses. (Doc. No. 23).

1

Plaintiffs Byers, Moore, Soria Garcia, Douglas, Curry, and Sarvis have filed Amended Complaints. They name as Defendants some or all of the following: Head State Prosecutor Michael W. Miller, Assistant State Prosecutor Richard L. Shaffer Jr., Assistant State Prosecutor Elizabeth Lari, State Prosecutor Sally Kirby Turner, and State Prosecutor William Wiseman. Plaintiffs claim that Defendants are not following North Carolina statutes and procedures, and are depriving them of due process, with regards to first appearances, probable cause hearings, and/or submitting indictments to the grand jury. Plaintiffs seek release from pending charges, federal indictment and removal of Defendants' law licenses, expungement of prior criminal records, and a public apology.

Only Plaintiffs Morrison, (Doc. No. 30), Soria Garcia, (Doc. No. 31), and Curry (Doc. No. 32), filed Notices providing the Court with their current addresses in compliance with the October 31 Order, and the Court has been able to determine Plaintiff Sarvis and Banks' current addresses on the NCDPS website. See https://www.ncdps.gov/dps-services/crime-data/offender-search. Plaintiffs Wilson and Sanford failed to comply with the October 31 Order and the Court has been unable to determine their present addresses.

## II. MOTIONS TO PROCEED *IN FORMA PAUPERIS*

Applications to proceed *in forma pauperis* have been filed by Plaintiffs Wilson, (Doc. No. 2), Morrison (Doc. No. 19), Byers (Doc. No. 14), Moore (Doc. No. 12), Soria Garcia (Doc. No. 16), Short (Doc. No. 6), Curry (Doc. No. 8), and Sarvis (Doc. No. 10). These Plaintiffs claim that they have zero income, are unemployed, have no assets, and are unable to pay the costs of these proceedings because they are incarcerated. The Court is satisfied that they lack they lack sufficient funds to pay the filing fee. These Plaintiffs will therefore be granted leave to proceed *in forma pauperis*. The Clerk of Court will be instructed to enter an Order Waiving Initial Partial Filing Fee and Directing the Correctional Facility to Transmit Partial Payments with regards to Plaintiffs

Wilson, Morrison, Byers, Moore, Soria Garcia, Short, Curry, and Sarvis.

## II. LACK OF PROSECUTION

Plaintiffs have a general duty to prosecute their cases. In this regard, a *pro se* plaintiff must keep the Court apprised of his current address. See Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988) ("A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address."). Where a *pro se* plaintiff has failed to notify the Court of his change of address, the action is subject to dismissal without prejudice for failure to prosecute. See Walker v. Moak, 2008 WL 4722386 (E.D. La. Oct. 22, 2008) (dismissing without prejudice a § 1983 action for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure where the plaintiff did not notify the court of his new address upon his release from jail). Litigants are also obligated to comply with Court orders. See generally Fed. R. Civ. P. 41(b) (district court may dismiss an action "[f]or failure of the plaintiff to prosecute."). Before dismissing a case for failure to prosecute, a district court should weigh: "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." Attkisson v. Holder, 925 F.3d 606, 625 (4th Cir. 2019) (quoting Hillig v. Comm'r of Internal Revenue, 916 F.2d 171, 174 (4th Cir. 1990)).

The Court ordered Plaintiffs to pay the filing fee or an application to proceed *in forma pauperis* and an amended complaint by Order dated May 3, 2019, and to file a notice informing the Court of their current addresses on October 31, 2019.

Plaintiffs Banks and Sanford failed to pay the filing fee or apply to proceed *in forma pauperis*, and Plaintiffs Banks, Morrison, Sanford, and Wilson failed to file amended complaints in compliance with the May 3, 2019 Order. Plaintiffs Wilson and Sanford fail to comply with the

3

October 31, 2019 Order requiring Plaintiffs to apprise the Court of their present addresses and the Court has been unable to determine their present locations.

Therefore, this action will be dismissed without prejudice and terminated as to Plaintiffs Banks, Sanford, Morrison, and Wilson for lack of prosecution and for failing to comply with the Court's May 3 and October 31, 2019 Orders. Plaintiff Wilson's pending Motions will be denied as moot.[1]

## II. STANDARD OF REVIEW

Because Plaintiffs are prisoners proceeding *in forma pauperis*, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In its frivolity review, a court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). A complaint should not be dismissed for failure to state a claim "unless 'after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief.'" Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999)).

A *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Smith v. Smith, 589 F.3d 736, 738 (4th Cir. 2009) ("Liberal construction of the

---

[1] In the Letter docketed on October 11, 2019, Plaintiff Wilson asks the Court to send mail to him via certified mail because Jail officials are not providing him with his mail. This request is denied as moot because Wilson no longer resides at CCDC.

pleadings is particularly appropriate where … there is a pro se complaint raising civil rights issues."). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). A *pro se* complaint must still contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007); see Ashcroft v. Iqbal, 556 U.S. 662 (2009) (the Twombly plausibility standard applies to all federal civil complaints including those filed under § 1983). This "plausibility standard requires a plaintiff to demonstrate more than a sheer possibility that a defendant has acted unlawfully." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted). He must articulate facts that, when accepted as true, demonstrate he has stated a claim entitling him to relief. Id.

### III. DISCUSSION

Prosecutors are absolutely immune as individuals from Section 1983 liability for acts arising out of the exercise of their official functions. Imbler v. Pachtman, 424 U.S. 409, 418 (1976). This immunity applies only to the extent that prosecutors serve as advocates for the State. Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993). Therefore, a prosecutor's administrative and investigative duties that do not relate to the preparation for the initiation of a prosecution or for judicial proceedings are not entitled to absolute immunity. Id.

Plaintiffs' allegations about Defendants' adherence to the North Carolina Rules of Criminal Procedure with regards to first appearances, indictments, and probable cause hearings are within their prosecutorial functions as advocates and are absolutely immune from suit. Plaintiffs' claims against Defendants will therefore be dismissed as frivolous. See, e.g., Collazo v. Pagano, 656 F.3d

131 (2d Cir. 2011) (claim against a prosecutor on the grounds of immunity is frivolous).

Further, Plaintiffs seek relief that is not available in a § 1983 proceeding. Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus pursuant to 28 U.S.C. § 2254, and a complaint under the Civil Rights act, § 1983. Muhammad v. Close, 540 U.S. 749, 750 (2004). "Habeas corpus, and not § 1983, is the exclusive federal remedy for state prisoners seeking actual release from confinement," Griffin v. Baltimore Police Dep't, 804 F.3d 692, 694–95 (4th Cir. 2015) (citing Preiser v. Rodriguez, 411 U.S. 475, 487–90 (1973)), and "requests for relief turning on circumstances of confinement may be presented in a § 1983 action," Muhammad, 540 U.S. at 750. Some cases are "hybrids," where a prisoner seeks damages, which are unavailable through a habeas action, but on allegations that either imply the invalidity of an underlying conviction or of a particular ground for denying relief short of serving the maximum term of confinement. Id. To address this situation, the Supreme Court held in Heck v. Humphrey, 512 U.S. 477 (1994), that:

> to recover damages for … harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction and sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus….

Id. at 485.

For Heck to bar a § 1983 claim, (1) "a judgment in favor of the plaintiff [must] necessarily imply the invalidity of [a plaintiff's] conviction or sentence," Heck, 512 U.S. at 487, and (2), the claim must be brought by a claimant who is either (i) currently in custody or (ii) no longer in custody because the sentence has been served, but nevertheless could have practically sought habeas relief while in custody, Covey v. Assessor of Ohio Cty., 777 F.3d 186, 197 (4th Cir. 2015).

Further, federal courts must refrain from staying or enjoining pending state prosecutions except under special circumstances. Younger v. Harris, 401 U.S. 37 (1971). Younger v. Harris, 401 U.S. 37 (1971). The Younger abstention doctrine extends to state civil proceedings that are akin to criminal prosecutions, Huffman v. Pursue Ltd., 420 U.S. 592 (1972), or that implicate a state's interest in enforcing the orders and judgments of its courts, Pennzoil Co. v. Texaco Inc., 481 U.S. 1 (1987). Proceedings fitting within the Younger doctrine include state criminal prosecutions, civil enforcement proceedings, and civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions. New Orleans Public Serv., Inc. v. Council of City of New Orleans, 491 U.S. 350, 367-68 (1989). A federal court may disregard Younger's mandate to abstain from interfering with ongoing state proceedings only where extraordinary circumstances exist that present the possibility of irreparable harm. Robinson v. Thomas, 855 F.3d 278, 285 (4th Cir. 2017) (internal quotations omitted).

Plaintiffs ask the Court to set aside pending North Carolina criminal charges as well as established North Carolina convictions. Plaintiffs have uniformly failed to demonstrate that extraordinary circumstances exist that would warrant the Court's interference in ongoing criminal proceedings. Further, asking this Court to expunge past criminal convictions would necessarily call those convictions into question yet Plaintiffs fail to establish that any exception to the Heck bar applies.

For all the foregoing reasons, Plaintiffs' § 1983 claims are barred and will be dismissed as frivolous and for failure to state a claim upon which relief can be granted.

IV. CONCLUSION

For the reasons stated herein, this case is dismissed as to Plaintiffs Wilson and Sanford for lack of prosecution and for failure to comply with Court Orders. The remaining Plaintiffs are

7

granted leave to proceed *in forma pauperis* and their Amended Complaints are dismissed as frivolous and for failure to state a claim upon which relief can be granted. All pending Motions are denied as moot.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiffs Banks, Byers, Curry, Morrison, Moore, Sarvis, Short, Soria Garcia, and Wilson's Motions to Proceed *In Forma Pauperis*, (Doc. No. 2, 8, 10, 12, 14, 16, 18,[2] 19), are **GRANTED**. The Clerk of Court is directed to enter an Order Waiving Initial Partial Filing Fee and Directing the Correctional Facility to Transmit Partial Payments as to these Plaintiffs.

2. This action is dismissed without prejudice for lack of prosecution and for failure to comply with the Court's May 3 and/or October 31, 2019 Orders as to Plaintiffs Banks, Sanford, Morrison, and Wilson.

3. The Amended Complaints, (Doc. Nos. 7, 9, 11, 13, 15, 17[3]), are **DISMISSED** without prejudice as frivolous and for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

4. Plaintiff Wilson's Motions (Doc. Nos. 4, 21), are **DENIED** as moot.

5. The Clerk is directed to close this case.

Signed: December 10, 2019

Frank D. Whitney
Chief United States District Judge

---

[2] Plaintiff Short's Amended Application to Proceed *In Forma Pauperis*, (Doc. No. 18), superseded his original Application, (Doc. No. 6).
[3] Plaintiff Short's Second Amended Complaint, (Doc. No. 17), superseded his First Amended Complaint, (Doc. No. 5).